**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Erwin, Jr., | No. CV-19-08117-PCT-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge John Boyle's Report and Recommendation ("R&R") (Doc. 11) to deny and dismiss Raymond Erwin, Jr.'s Petition for Writ of Habeas Corpus (Doc. 1). Petitioner filed an Objection. (Doc. 12.) Respondents replied to the Objection. (Doc. 13.) For the reasons expressed herein, the Court overrules the Objection and adopts the recommendation to dismiss the Petition.

**I.    BACKGROUND**

A jury convicted Petitioner of child molestation and indecent exposure. (Doc. 11 at 2.) The Arizona Court of Appeals affirmed. (*Id*. at 3.) He did not seek review by the Arizona Supreme Court within the allotted 35 days. (*Id*. at 4.) The judgment in his case thus became final on September 5, 2006. (*Id*.)

About a decade later, Petitioner filed his first Post-Conviction Relief petition, arguing that new *Brady* material had been discovered which impeached the testimony of a prosecution witness. (*Id*. at 3.) The post-conviction court denied the petition. (*Id*.) He later filed a second petition arguing that his trial counsel was ineffective for not hiring an

expert to evaluate Petitioner and to assess and rebut the State's case against him. (*Id*.) The post-conviction court also denied the second petition. (*Id*. at 4.) The Arizona Court of Appeals granted review but denied relief. (*Id*.) Later, Mr. Erwin filed a habeas petition, which argues that trial counsel was ineffective for failing to use rebuttal experts. (Doc. 1 at 6.)

## II. LEGAL STANDARD

When a federal district court reviews a state prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254, "it must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254). When reviewing a Magistrate Judge's R&R, this Court reviews *de novo* those portions of the report to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). District courts are not required to "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Habeas petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244. AEDPA provides a one-year statute of limitations concerning habeas petitions. 28 U.S.C. § 2244(d)(1). That period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (d)(2).

## III.   DISCUSSION

The R&R concluded that, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's conviction became final after the time for him to seek review by the Arizona Supreme Court ended. (Doc. 11 at 4.) Thus, according to the R&R, the petition was due by September 6, 2007. (*Id*. at 5.) Yet he did not file the habeas petition until 2019. (Doc. 1.) Petitioner sought post-conviction relief on two occasions. The R&R, however, found that the PCR petitions were untimely, precluding tolling while those petitions were pending in the state court system. (*Id*. at 5.)

Equitable tolling is inappropriate, according to the R&R, because Petitioner has not shown, as he must, that he faced extraordinary circumstances that inhibited his filing a timely petition. (*Id*. at 6.) As to the evidentiary hearing Petitioner requested, the R&R found that the record is sufficiently developed in this case. (*Id*.)

Petitioner objects that ADEPA's statute of limitations is "a recommendation and not strictly followed." (Doc. 12 at 2.) A statutory text is more than a recommendation. Courts "begin [] with the statutory text, and end[] there as well if the text is unambiguous.*"* *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004). That said, the Supreme Court has recognized that Congress passed ADEPA against the backdrop of courts' traditional equitable authority in this area. *Holland v. Florida*, 560 U.S. 631, 646 (2010). Thus, this Court may apply equitable tolling under appropriate circumstances, as discussed in further detail in the next paragraph. *Id*. at 645. The R&R correctly calculated the statutory due date for this Petition. The Court denies this objection and accepts the R&R's finding concerning the statutory due date.

Petitioner's next objection argues that because he hired an attorney and an investigator, he has shown that he diligently sought evidence to pursue his claim and the

1  Court should allow equitable tolling. (Doc. 12 at 2.) This type of tolling requires Petitioner
2  to show that he has diligently pursued his rights and an extraordinary circumstance stood
3  in the way of his timely filing a habeas petition. *Holland*, 560 U.S. at 449. The R&R
4  correctly noted that equitable tolling is not appropriate here because nothing prevented
5  Petitioner from bringing his ineffective assistance claim on time. (Doc. 11 at 5-6.) The
6  Court will deny this objection and accept the recommendation concerning equitable tolling.
7  Petitioner also renews his request for an evidentiary hearing. (Doc. 12 at 4.) He
8  cites a case in which the appeals court ordered an evidentiary hearing after the district court
9  decided the substance of a petition. (*Id*. (citing *Juniper v. Zook*, 876 F.3d 551 (4th Cir.
10 2017).) Here, the R&R applied a procedural requirement rather than looking to the
11 substance of the petition. In addition, the *Juniper* case requires petitioners to diligently
12 pursue claims in state court. Petitioner did not seek review of his first PCR action, so he
13 did not diligently pursue the claim. *Juniper*, 876 F.3d at 563-64. Thus, the case Petitioner
14 cited is inapposite. So too is the California case that Petitioner cites in which the California
15 Supreme Court explained the meaning of the California Constitution for purposes of a state
16 habeas petition. Because this case can be disposed of on timeliness grounds, the Court
17 accepts the R&R's conclusion that the record is sufficiently developed and an evidentiary
18 hearing is unnecessary.
19 Petitioner also cites cases that go to the merits of the petition. The Court need not
20 reach those arguments because they are not objections to the findings in the R&R.
21 Finally, a certificate of appealability may only issue when the petitioner "has made
22 a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
23 Petitioner has not made a substantial showing that dismissing the Petition would deny him
24 a constitutional right. The Court therefore will not issue a certificate of appealability.

25 **IV.   CONCLUSION**
26 Accordingly,
27 **IT IS ORDERED adopting** the Report and Recommendation. (Doc. 11.)
28 **IT IS FURTHER ORDERED denying** the Petition (Doc. 1) and **dismissing** it with

prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 11th day of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge